# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR233 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | PRELIMINARY ORDER |
| IVAN LOPEZ-BECERRA, | ) | OF FORFEITURE |
| Defendant. | ) | |

This matter is before the Court on the United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 65). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. On November 5, 2009, the Defendant was found guilty by a jury trial as to Count I of the Indictment filed herein. Additionally, the District Court, pursuant to Federal Rule of Criminal Procedure 32.2, forfeited the Defendant's interest in the properties described in Count II of the Indictment.

2. By virtue of said plea of guilty, the Defendant forfeits his interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c) and 5872.

IT IS ORDERED:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 65) is hereby sustained.

B. Based upon Count II of the Indictment and the jury trial's verdict of guilty, the United States is hereby authorized to seize the CAI 5.56 x 45 mm semi-automatic rifle, Model SAR 3, serial number S3-09617-2002; the Smith & Wesson .38 caliber revolver, Model 36, serial number ABU4941; and the Sears & Roebuck .22 caliber rifle, Model 25.

C.  The Defendant's interest in said properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

D. The aforementioned forfeited properties are to be held by the United States in its secure custody and control.

E.  Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official Government internet site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 18th day of November, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Court